UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES BAXTER,

                    Plaintiff,

        -against-

CASH APP,

                    Defendant.

---

25-CV-5876 (JHR) (KHP)

ORDER OF SERVICE

---

KATHARINE H. PARKER, United States Magistrate Judge:

Plaintiff, who currently is detained at West Facility on Rikers Island, brings this action *pro se*. He alleges that his monthly benefits from the Social Security Administration were deposited with Cash App, a financial services platform, but Cash App has blocked his account, and he is unable to access his funds. By order dated August 18, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to issue a summons for Defendant Cash App, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   August 22, 2025
         New York, New York

_____
        KATHARINE H. PARKER
        United States Magistrate Judge

2

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.     Cash App
       1955 Broadway, Suite 600
       Oakland, CA 94612